UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TOM & JOHN'S PROPERTY LLC,

      Plaintiff,

v.                                                   Case No. 1:11-CV-00194

JPMORGAN CHASE BANK, N.A.,            HON. GORDON J. QUIST

      Defendant.
_____/

**OPINION DENYING MOTION TO VACATE OPINION AND ORDER
ENFORCING SETTLEMENT AGREEMENT**

This case concerns real property located at 15275 Francis Road, Lansing, MI 48906 (the "Property"). On August 8, 2011, Defendant ("Chase") moved to enforce a settlement agreement. (Dkt. #10 ("Motion to Enforce").) On August 9, 2011, Tom & John's ("Plaintiff") present counsel, Donald B. Lawrence, filed a consent order for substitution of counsel to replace former counsel Matthew R. Newburg. (Dkt. #14.) Plaintiff did not respond to Chase's Motion to Enforce. On September 29, 2011, this Court entered an Order Enforcing Settlement Agreement. (Dkt. #20 ("Order Enforcing Settlement").) On October 3, 2011, pursuant to Fed. R. Civ. P. 60(b)(1), Plaintiff filed a Motion to Vacate Opinion and Order Enforcing Settlement. (Dkt. #21 ("Motion to Vacate").) Thereafter, this Court stayed the Order Enforcing Settlement pending resolution of the Motion to Vacate, and directed *Chase* to file a response to the Motion to Vacate by November 1, 2011. (Dkt. #29.) On October 28, 2011, Plaintiff filed a brief in support of its Motion to Vacate, 25 days after its corresponding motion. (Dkt. #30.) On November 1, 2011, Chase filed a response opposing the Motion to Vacate. (Dkt. #35.) On November 15, 2011, Plaintiff filed a reply (Dkt. #36), to which Chase responded by filing a Motion to Strike that reply, or in the alternative, for leave to file a brief in response to Plaintiff's reply. (Dkt. #37.)

**Discussion**

**MOTION TO STRIKE**

Chase's motion to strike will be denied. This Court will consider Plaintiff's reply in ruling on the Motion to Vacate. At the same time, this court will grant Chase's motion for leave to amend to file a response to Plaintiff's reply. Plaintiff filed a brief in support of his motion 25 days after the motion itself, and 3 days before this Court direct Chase to respond to that motion. Thus, out of fairness, this Court will consider Chase's response to Chase's reply. In this respect, Chase's alternative basis for the motion will be granted.

**MOTION TO VACATE**

Pursuant to Fed. R. Civ. P. 60(b)(1), Plaintiff seeks to vacate this Court's Order Enforcing Settlement. Under Rule 60(b)(1), this Court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In order to obtain relief under Rule 60(b)(1), the movant must demonstrate: (1) the existence of mistake, inadvertence, surprise, or excusable neglect, and (2) that the movant has a meritorious defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (also noting that "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation"). The Court will deny Plaintiff's Motion to Vacate because Plaintiff cannot establish either prong for relief by clear and convincing evidence.

    **I.**    **Plaintiff Has Not Shown Mistake, Inadvertence, Surprise, or Excusable Neglect**

This Court finds nothing that amounts to "mistake, inadvertence, surprise, or excusable neglect" to set aside the Order Enforcing Settlement.

Mr. Lawrence claims that he was "never served" with Chase's Motion to Enforce. (Dkt. #21, ¶ 1.) However, Mr. Vorce, representing Chase, served the correct parties in the appropriate manner.

With two inapplicable exceptions, "[a]ttorneys <u>must</u> file and serve all documents electronically by use of the ECF system." W.D. Mich. L.Civ.R. 5.7(a) (emphasis added). Mr. Vorce filed his motion electronically by use of the ECF system on August 8, 2011. Furthermore, attorneys consent to be electronically served by any opposing party's filing of a document in a civil action in which that attorney appears. W.D. Mich. L.Civ.R. 5.7(*i*)(ii). Therefore, on August 8, 2011, the counsel of record, Mr. Newburg, who had consented to electronic service, was properly served by Mr. Vorce.

Mr. Lawrence did not represent Plaintiff until August 9, 2011. Mr. Lawrence apparently did not know of the pending motion. But Mr. Lawrence had nearly two months to check this case's docket on the ECF system to see that a motion was pending. Diligence is one cornerstone of attorney professional conduct; failing to check ECF even *once* during a two-month period, especially amidst a transition between attorneys, does not satisfy the conduct demanded by professional standards.

Plaintiff also asks this Court to vacate the Order Enforcing Settlement due to Chase's failure to comply with Local Rule 7.1(d) when Chase filed its Motion to Enforce. (Dkt. #30 at 10.) This argument fails because Chase complied with the rule. Local Rule 7.1(d) states that "[w]ith respect to all motions, the moving party shall ascertain whether the motion will be opposed. . . . All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule." First, Chase provides an email which shows that Chase ascertained by telephone and email whether the motion would be opposed. (Dkt. #35-3 at 2.) Second, Chase's Motion to Enforce states its efforts and results of ascertaining concurrence, and the reasons for its belief that the motion would be opposed.[1]

Plaintiff also argues that the Order Enforcing Settlement should be vacated due to a culmination of unfortunate events:

---

[1] And, given Plaintiff's Motion to Vacate, that belief ultimately proved to be correct.

> It is Plaintiff's position that due to the close proximity of the filings between Defendant's motion and Plaintiff's retention of new counsel several things did not happen that should have otherwise occurred: Plaintiff's new counsel never got notice of the motion; Plaintiff's old counsel had no reason to believe a notice has not been sent to the new counsel; Plaintiff inadvertently missed the chance to [respond] to Defendant's motion, which he expressly had indicated he had not agreed with. All of these things can only be explained as mistake, inadvertence, surprise or excusable neglect as required by Rule 60(b)(1).

(Dkt. #30 at 12.)

In determining whether to grant relief under Rule 60(b)(1), the Court considers the following factors: "the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). The general rule is that "clients must be held accountable for the acts and omissions of their attorneys." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396, 113 S. Ct. 1489, 1499 (1993)). Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1). *FHS Equities, LLC, v. MBL Life Assurance Corp.*, 188 F.3d 678, 685-87 (6th Cir. 1999). "[L]awyer blunders – the type of action or inaction that leads to successful malpractice suits by the injured client – do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." *McCurry ex rel.*, 298 F.3d at 595 (quoting *Helm v. Resolution Trust Corp.*, 161 F.R.D. 347, 348 (N.D. Ill. 1995), *aff'd*, 84 F.3d 874 (7th Cir. 1996)). Failing to respond to a motion has been characterized as inexecusable neglect under Rule 60(b)(1). *See Kendall v. The Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984).

Each of the mistakes Plaintiff alleges can be attributed to Plaintiff's counsel, Mr. Lawrence. By failing to look at his client's docket in an on-going dispute, Mr. Lawrence failed to recognize and respond to the Motion to Enforce. This failure to respond to a motion is not enough for relief under Rule 60(b)(1). In addition, the "mistakes" that Mr. Lawrence alleges had no impact on the case. As explained below, the objective evidence still mandates the same outcome reached in the Order

Enforcing Settlement. Furthermore, Mr. Lawrence has acted in a manner that this Court would <u>not</u> characterize as "good faith."[2]

In addition, in the Motion to Vacate, Mr. Lawrence states that he became aware of the Motion to Enforce on or about <u>September 23, 2011</u>. (The Motion to Enforce was filed August 8, 2011.) (Dkt. #21 at 1, ¶ 1.) Then, in his brief in support of the Motion to Vacate, filed October 3, 2011, Mr. Lawrence says that he found out about the Motion to Enforce "through the entry of this Court's order and opinion," – i.e., on <u>September 29, 2011</u>. (Dkt. #30 at 11.) These two statements derive from Mr. Lawrence's own knowledge. On October 3, 2011, when Mr. Lawrence filed the Motion to Vacate, he assuredly knew of the Motion to Enforce before or after the Court granted the motion.[3] This Court does not need to decide which one of these statements is correct; the problem is that one of them is not correct. It makes a difference because if he had notified this Court that he had just discovered the Motion to Enforce before this Court's Order was entered, a Motion to Vacate may not have been necessary.

Contrary to Mr. Lawrence's argument that Chase did not comply with Local Rule 7.1 is incorrect. This argument is controverted by the plain record of this case. After explaining an August 1, 2011, email between Mr. Newburg and Mr. Vorce, the motion prepared by Mr. Lawrence states "[t]here was no further written communication between Newburg and Vorce." In fact, on August 8, 2011, Ms. Catherine Wilcox, co-counsel with Mr. Vorce, sent an email to Mr. Newburg, copying Mr. Vorce, stating her efforts to ascertain concurrence in the Motion to Enforce. Perhaps Mr. Lawrence is not fully responsible for this mistake because Mr. Newburg may have overlooked

---

[2] Without excuse, Mr. Lawrence has disregarded compliance with this Court's rules. Even though minor, Mr. Lawrence's failure to double-space a motion shows his dismissiveness for the most basic of rules. W.D. Mich. L.Civ.R. 10.1. This Court is unaware of another instance where a party filed a supporting brief 25 days after the motion which it supports, let alone *three days* before the date on which this Court directed the *other* party to file a response brief.

[3] The Court finds it incredulous that if Mr. Lawrence found out about the pending motion on September 23, 2011, six weeks after the motion had been filed, he would not contact this court to ask for an extension of time to respond.

5

this fact. Nevertheless, Mr. Lawrence could have easily discovered this email by asking Mr. Newburg for all communications surrounding these events.

## II.     Plaintiff Has Not Shown a Meritorious Defense

Plaintiff cannot establish, by clear and convincing evidence, a meritorious defense. Plaintiff argues that Plaintiff's attorney[4] had no apparent authority[5] to enter into a settlement agreement. Plaintiff's sole evidence of Mr. Newburg lacking apparent authority is an affidavit prepared for the Motion to Vacate in which Mr. Newburg states "I consistently represented to Mr. Vorce that I had no authority to negotiate on behalf of [Plaintiff] and that [Plaintiff] would have to decide on whatever was presented to him." (Dkt. #30, Ex. 2 at 2.) Mr. Vorce, however, prepared an affidavit for this motion which states "at no time did Mr. Newburg communicate either verbally or in writing that he did not have authority to settle this litigation on his client's behalf." (Dkt. #35, Ex. 2 at 2.) Taking these two contradicting statements together, this Court cannot say that Mr. Newburg's statement alone is "clear and convincing evidence" that he lacked apparent authority to enter into a settlement agreement on behalf of Plaintiff. Even so, the objective evidence, in light of the law, supports Mr. Vorce's contention.

"It is well establish that the apparent authority for which the principal . . . may be liable must be traceable to [the principal] and cannot be established by the acts and conduct of the agent." *Smith v. Saginaw Sav. & Loan Assoc.*, 94 Mich. App. 263, 271, 288 N.W.2d 613, 617 (1980). Apparent authority to act is to be determined from all the surrounding facts and circumstances. *Id.*

> Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular

---

[4] Mr. Newburg, Plaintiff's former attorney, represented Plaintiff during all of the settlement discussions.

[5] The affidavit in Plaintiff's reply provided by Thomas Welke, owner of Plaintiff, does not support this argument. Even though it may support an argument that Plaintiff's counsel lacked *actual* authority, it does not detract from the *apparent* authority Plaintiff's counsel exhibited.

> business, is justified in assuming that such agent is authorized to perform in behalf of the principal the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it.

*Id.* at 271-72, 288 N.W.2d at 617 (quoting *Atlantic Die Casting Co. v. Whiting Tubular Prods., Inc.*, 227 Mich. 414, 422, 60 N.W.2d 174, 178 (1953)). Attorneys can have the actual and apparent authority to settle lawsuits on behalf of their clients. *See Capital Dredge & Dock Co. v. City of Detroit*, 800 F.2d 525, 530-31 (6th Cir. 1986).

The objective evidence, as analyzed in the Order Enforcing Settlement, shows that Mr. Newburg had apparent authority to enter into a settlement agreement. The offer that Mr. Newburg provided to Chase is traceable to Plaintiff. The original offer sent to Chase is in an email, which incorporates a prior email, originating from Tom Welke, owner of Plaintiff. (Dkt. #11, Ex. 1 at 1.) Moreover, the original offer and the corrected version of the offer contain attachments which appear to be created by Plaintiff, and then forwarded by Mr. Newburg. (Dkt. #11, Ex. 1 & Ex. 2.) Also, attorneys, such as Mr. Vorce, cannot ethically enter into settlement agreements with a party who is represented by counsel. A reasonable, ethical attorney would assume that the opposing counsel is communicating with his own client. All of the facts and circumstances suggest Mr. Newburg had apparent authority to enter into the Settlement Agreement with Chase.

Plaintiff also argues that the parties never had a "meeting of the minds" regarding a settlement agreement. This Court agrees with Plaintiff that the emails exhibit a lack of details agreed upon in the Settlement Agreement. This does not change this Court's analysis. This Court relied upon the objective evidence which shows that the parties agreed upon the essential terms of a real estate contract and, therefore, created a binding settlement agreement. (*See* Dkt. #19 at 3-6.) Moreover, Plaintiff's argument that Chase changed the price term by requiring Plaintiff to pay the taxes is unavailing because Chase paid the property taxes. (Dkt. #35, Ex. 2, at 9-10.)

**Conclusion**

Plaintiff's motion will be denied because it has not shown by clear and convincing evidence the existence of mistake, inadvertence, surprise, or excusable neglect that justifies this Court in vacating its Order Enforcing Settlement.  A separate ground to deny Plaintiff's motion is that Plaintiff cannot show by clear and convincing evidence that it has a meritorious defense.

Therefore, Plaintiff's Motion to Vacate (Dkt. #21) will be denied.  Furthermore, this Court's Order Staying its Order to Enforce (Dkt. #29) will be lifted, and its Order Enforcing Settlement (Dkt. #20) is reinstated.  Thus, Plaintiff must transfer to Chase the deed to the real property located at 15275 Francis Road, Lansing, MI 48906, and Chase must pay $100,000.00 to Plaintiff.  Chase and Plaintiff have 30 days to comply with this order.  Upon completion of the acts in the order, Chase shall notify this Court.

A separate order will issue.


Dated:  November 23, 2011                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE